UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Supreme Raheem Ackbar, #182864, <br> a/k/a Ronald Gary, #275886, <br>                                    Plaintiff, <br> vs. <br><br> State of South Carolina, <br><br> William R. Byers, Jr., <br> *Commissioner of the South Carolina Department of Corrections*, <br><br> S.C.D.C, <br> Lieber Correctional Institute, <br> Warden Joseph McFadden, <br> Lieutenant Eugene Skipper, <br> Lieutenant Cooper (W/M), <br> Sergeant Wilson, <br>                                    Defendants. | C/A No. 4:17-1019-RMG-TER <br><br> Report and Recommendation |

      This is a civil action filed by a state prisoner ("Plaintiff"), proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro

se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff alleges a § 1983 claim based on violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff alleges that on February 17, 2015, Defendants Skipper, Cooper, and William confiscated Plaintiff's "God Center Culture Islam" materials. Plaintiff was told if it was determined not to be STG[1] it would be returned to Plaintiff. In August 2016, the Office of General Counsel of South Carolina Department of Corrections ("SCDC") twice wrote Plaintiff asking for a list of the property taken and whether the property could be replaced by purchasing the material from a vendor. Plaintiff requests the immediate return of his property, monetary relief, and declaratory relief for the removal of STG designation of the NOGE[2] within SCDC, and that the God Center Culture Islam Way of Life be officially recognized as a religion within SCDC.

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

---

[1] STG is the abbreviation for Security Threat Group. *See* https://public.doc.state.sc.us/scdc-public/glossary.do

[2] NOGE appears to be the abbreviation for "Nation of Gods and Earths," a group also known as "Five Percenters." *See Incumaa v. Stirling*, 791 F.3d 517 (4th Cir. 2015).

3

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

The Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights).

**Defendants Byers, McFadden, Skipper, Cooper, and Wilson**

Plaintiff makes sufficient factual allegations against Defendant Byers, McFadden, Skipper, Cooper, and Wilson to survive summary dismissal. Thus, the service of Defendants Byers, McFadden, Skipper, Cooper, and Wilson is recommended through a separately docketed order.

**Defendant Lieber Correctional Institute**, **SCDC, and State of South Carolina**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the

4

deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001). Lieber Correctional Institute ("LCI") does not exist as a legal entity capable of suing or being sued as it is a building, not a person, and, thus cannot act under color of state law. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, and therefore LCI is not a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished opinion). LCI is not a defendant amenable to suit under §1983. Defendants SCDC and State of South Carolina are not a person amenable to suit. Additionally, Defendants SCDC and State of South Carolina are protected from a § 1983 suit under the Eleventh Amendment, which prohibits a federal court from rendering a judgment against an unconsenting[3] state in favor of a citizen of that state. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). State agencies share this immunity when they are alter egos of the state. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997). Thus, dismissal is appropriate and recommended for Plaintiff's claims against Defendants LCI, SCDC, and State of South Carolina.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B). As noted above, it is recommended that Defendants State of South Carolina,

---

[3] Congress can override Eleventh Amendment immunity through legislation, but Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Also, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n.9(1984). South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

SCDC, and Lieber Correctional Institute be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Byers, McFadden, Skipper, Cooper, and Wilson.

May 17, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).