IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Supreme Raheem Ackbar, *#182864*, a/k/a Ronald Gary, *#257886*, <br><br> Plaintiff, <br><br> v. <br><br> William R. Byers, Jr., *et al.*, <br><br> Defendants. | Civil Action No. 4:17-1019-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendants' motion to dismiss be granted. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

Plaintiff is serving a life sentence for murder in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that on February 17, 2015, Defendants Skipper, Cooper, and Wilson searched his cell for contraband and confiscated Plaintiff's "God Center Culture Islam" materials. Those materials appear to relate to the Nation of Gods and Earths, also known as "five percenters," an offshoot of the Nation of Islam. It also appears that the materials have been lost; prison officials have offered to replace them if Plaintiff would provide a list itemizing the materials. (*See* Dkt. No. 1-1 at 3–4.)

Plaintiff filed the present action on April 19, 2017, seeking immediate return of the materials and $500,000 in damages for violations of his constitutional rights under 42 U.S.C. § 1983. Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 22, 2018, the Magistrate Judge recommended dismissal. Plaintiff filed

timely objections, but his objections are merely non-specific boilerplate that raises no substantive argument.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks

and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

#### A. First Amendment

An incarcerated prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). To state a claim under the Free Exercise clause of the First Amendment, a plaintiff must allege facts sufficient to show that he holds a sincere belief that is religious in nature and that prison regulations impose a substantial burden on his right to free exercise of that religious belief. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). A regulation imposes a "substantial burden" if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (internal quotation marks omitted). No substantial burden occurs if the government action

merely makes the "religious exercise more expensive or difficult" or inconvenient, but does not pressure the adherent to violate his or her religious beliefs or abandon one of the precepts of his or her religion. *Living Water Church of God v. Charter Tp. of Meridian*, 258 F. App'x 729, 737 (6th Cir. 2007).

The Magistrate Judge determined that Plaintiff failed to allege facts showing that the confiscation by SCDC employees imposed a "substantial burden" on his right to free exercise of his religion. The Court agrees. Plaintiff has not alleged facts suggesting that he is unable to practice his religion without the confiscated materials. Nor has he alleged facts explaining why the materials cannot simply be replaced, as prison authorities have offered to do. He therefore fails to state a claim of violation of the First Amendment right to free exercise of religion.

**B.     Fourth Amendment**

Plaintiff also alleges the seizure of his materials from his cell violated his right to be free from unreasonable seizures under the Fourth Amendment. The Supreme Court, however, has held that prisoners may not challenge seizures of items from their prison cells under the Fourth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Plaintiff therefore fails to state a claim of violation of the Fourth Amendment right to be free from unreasonable searches or seizures.

**C.     Fifth and Fourteenth Amendments**

Plaintiff also alleges the seizure of his materials from his cell violated his due process rights by depriving him of property without due process of law. The Supreme Court has held that seizure of a prisoner's property does not present a constitutional issue if the state provides an adequate post-deprivation remedy. *Id.* at 534–36. Here, prison officials have offered to replace the materials, and, if that would be inadequate, Plaintiff may seek remedies in state court under the South Carolina Tort Claims Act. Plaintiff therefore fails to state a claim for violation of his due process rights.

## D. Eighth Amendment

Finally, Plaintiff alleges that his Eighth Amendment rights have been violated, although he does not explain how. The Eighth Amendment protects prisoners from "extreme deprivations of basic human needs or serious or significant pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir. 2009). It is inapplicable to an alleged seizure of reading materials from a prison cell.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 56) as the Order of the Court and **GRANTS** Defendants' motion to dismiss (Dkt. No. 34). All other pending motions are **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 5, 2018
Charleston, South Carolina